UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff/Respondent, )<br>  )<br>V. )<br>  )<br>PATRICK ANDREW DONALD, )<br>  )<br>Defendant/Movant. ) | Criminal Action No. 2: 12-026-DCR<br>and<br>Civil Action No. 2: 15-7395-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

This case is pending for consideration of Defendant Patrick Andrew Donald's original and amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record Nos. 78, 81]  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the motions to United States Magistrate Judge Hanly A. Ingram for issuance of a report and recommendation.  On October 21, 2015, Magistrate Judge Ingram issued his report, recommending that Donald's motions be denied.  [Record No. 92]  Donald has now filed objections to Magistrate Judge Ingram's Recommended Disposition.  [Record No. 93]

After conducting a *de novo* review of the portions of the report to which Donald objects, the Court will adopt Magistrate Judge Ingram's Recommended Disposition, deny Donald's motions, and dismiss this matter.[1]

---

[1]   The Court also declines to issue a Certificate of Appealability.  A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2).  When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**I.**

On September 24, 2012, Donald pled guilty to unarmed bank robbery in violation of 18 U.S.C. § 2113(a). [Record Nos. 41 and 62] In the plea agreement, Donald admitted that he and another individual robbed Security Trust Bank in Maysville, Kentucky, on May 16, 2012.[2] [Record No. 58, pp. 1-2]

Donald was represented by Frank Murgo, an appointed attorney, at the sentencing hearing held on February 25, 2013. [Record No. 75, p. 2] The primary issue at sentencing was whether "a dangerous weapon was otherwise used," warranting a four-level enhancement under the United States Sentencing Guidelines, § 2B3.1(b)(2)(D).[3] During the hearing, the United States authenticated and introduced a tape of the bank's security footage depicting the robbery. [Record No. 75, p. 6-8] However, the United States did not play the video. Instead, the United States called Allison McGuire, Vanessa Stahl, and Sherry Rice, the tellers who were victims and witnessed the robbery. All of the tellers testified that,

---

Donald has not made a substantial showing that he was denied his constitutional rights. Likewise, Donald has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural rulings. Reasonable jurists would not debate the denial of Donald's § 2255 petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Id.*

[2]     Magistrate Judge Ingram's report states that Donald admitted in his plea agreement that "[t]he other robber clanked on the counter with something metallic and insinuated he had a gun." [Record No. 92, p. 7-8] However, Donald contested that particular fact during rearraignment, and the Court agreed to make a factual determination at the sentencing hearing. [Record No. 71, p. 33-34] This minor discrepancy does not substantively detract from Magistrate Judge Ingram's findings.

[3]     Donald's total offense level was 24, and his recommended guideline range was 77 to 96 months of imprisonment. Without the four-level enhancement, Donald's total offense level would be 20, and his recommended guideline range would be reduced to 51-63 months of imprisonment.

during the robbery, Donald's accomplice pounded an object on a counter that produced a heavy, metallic sound. They believed the object was a gun. Two tellers testified that the accomplice pounded the counter with his right hand while his hand and the object remained in the pocket of his sweater. Stahl admitted that she could not clearly see the accomplice's hands from where she was standing. *Id.* at 37. However, Rice testified that she saw an object coming out of his sweater pocket shaped like a cylinder. *Id.* at 49. All three testified that they perceived the pounding as a threat.

On cross-examination, each witness denied that they were verbally threatened by the robbers. During arguments to the Court, attorney Murgo noted that the government had failed to play the video of the crime. *Id.* at 61. Murgo urged the Court to view the film and then gave a detailed explanation of the robbery. *Id.* According to Murgo, the video did not contain footage of the accomplice banging an object on the counter as testified by the government's witnesses. And Murgo again noted that neither robber made any direct threats during the course of the robbery. *Id.* at 63, 71.

The Court determined that viewing the full video was unnecessary. Based on the testimony provided during the hearing, the Court concluded that Donald's accomplice "otherwise used a dangerous weapon," resulting in application of a four-level enhancement to the defendant's base offense level. *Id.* at 74. Thereafter, Donald was sentenced to 96-months imprisonment, followed by three years of supervised release. [Record No. 62]

Donald appealed the enhancement issue to the Sixth Circuit. [Record No. 63] However, on August 1, 2014, the Sixth Circuit affirmed this Court's decision, holding that "[t]he facts of this case amply support the district court's determination that the weapon was 'otherwise used' in the commission of the robbery." [Record No. 76, p. 5]

On March 23, 2015, Donald filed his initial motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 78] Pursuant to Magistrate Judge Ingram's order, Donald filed a signed version of the motion on May 15, 2015. [Record No. 81] Donald contends that he received ineffective assistance of counsel because his attorney: (1) failed to object to the Court's decision not to view the video, (2) failed to object to the tellers' presentation of allegedly false testimony, and (3) failed to adequately cross-examine the three tellers. [Record Nos. 81 and 81-1]. Donald also argues that the government violated his due process rights by presenting false testimony to the Court. *Id.* Finally, the defendant requests an evidentiary hearing.[4] [Record No. 81-1, pp. 18-19]

After reviewing these arguments and the record of this proceeding, Magistrate Judge Ingram correctly concluded that Murgo's representation of Donald was not deficient. Likewise, the magistrate judge properly determined that the government violate Donald's due process rights by allegedly presenting false testimony.

**II.**

Under 28 U.S.C. § 2255, a federal prisoner may bring a habeas action to argue that the imposition of his sentence violated the United States Constitution or federal law, the court lacked jurisdiction, his sentence exceeded the maximum penalty authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a

---

[4] Subsection (b) of 28 U.S.C. § 2255 provides that the district court shall grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Donald primarily seeks an evidentiary hearing for the Court to view the video of the robbery. [Record No. 81-1, p. 14, Record No. 93, p. 7] However, the video is in the record and has been reviewed. Because the issues Donald raises can be resolved based on the record alone, the Court will also deny his motion for an evidentiary hearing.

claim of constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

### III.

Donald argues that the government engaged in misconduct when it failed to correct allegedly false testimony of the tellers, thereby violating his constitutional due process rights. [Record No. 81-1, p. 12] In *Napue v. Illinois*, 360 U.S. 264, 269 (1959), the Supreme Court held that a defendant's due process rights are violated when the government obtains a conviction using evidence it knows to be false. "The same result obtains when the [government], although not soliciting false evidence, allows it to go uncorrected when it appears." *Id.*

Because Donald did not raise this issue during his direct appeal, Magistrate Judge Ingram properly concluded that the claim is procedurally defaulted. [Record No. 92, p. 7] In *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005), the defendant made a similar argument in a habeas petition that the government violated his due process rights by withholding material exculpatory evidence. The Sixth Circuit held that, because Harbison failed to raise the issue on direct appeal, the claim was procedurally defaulted unless he demonstrated "either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Donald has not demonstrated prejudice because he has not proven that the tellers gave false testimony or that the government knew their testimony was false. Donald claims in his objections that "the tellers provided testimony 'blatantly contradictory' to videotape evidence." [Record No. 93, p. 2] However, after reviewing all of the video footage from the

-5-

robbery, the Court disagrees with Donald's claim. The security footage contains video of the relevant time frame from eight different camera angles, both inside and outside of the bank. [Record No. 61, Exhibit 1] Donald and his accomplice only appear in two of eight angles, aside from two showing them entering and exiting the bank. The accomplice's hands are in his pockets for most of the robbery as the tellers testified. Donald is correct that the security footage does not *clearly* show his accomplice pounding on the counter. However, neither angle shows the entire counter, nor is there any sound. Additionally, the picture is black and white and is not particularly clear. Donald's accomplice could have pounded on the counter without the video capturing the motion. In short, the video does not contradict the tellers' testimony and Donald has not identified any relevant inconsistent statements. All of the tellers gave similar accounts of the robbery in general as well as the specific actions of Donald's accomplice.

Magistrate Judge Ingram also correctly notes that Donald has also not made a claim of actual innocence. [Record No. 92, p. 8] Donald asserts in his objections that he has made such a claim. [Record No. 93, pp. 2-3] However, Donald misunderstands the nature of this claim. "To establish actual innocence, [a habeas] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). Donald is not claiming that he did not commit the robbery. Instead, he claims that he is actually innocent of otherwise using a dangerous weapon. [Record No. 93, p. 7] The fact that Donald's accomplice used a dangerous weapon was the basis for the four-level enhancement to the defendant's base offense level. Simply put, Donald was neither convicted nor was his sentence enhanced based on his person possession or use of a

dangerous weapon. Because Donald has not asserted an actual and viable claim of actual innocence, he cannot avoid procedural default regarding this issue.

## IV.

Donald also claims that his appointed attorney, Frank Murgo, provided ineffective assistance, thereby violating his constitutional right to counsel. [Record No. 81] To prevail on this claim, Donald must prove that his counsel's performance was deficient and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984); *Fautenberry v. Mitchell*, 515 F.3d 614, 623 (6th Cir. 2008). "The proper standard for attorney performance is that of reasonably effective assistance, as measured by prevailing professional norms." *Fautenberry*, 515 F.3d at 623 (citations and internal quotation marks omitted).

Essentially, Donald must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *Jells v. Mitchell*, 538 F.3d 478, 491 (6th Cir. 2008). To establish prejudice, Donald must "demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (citation and internal quotation marks omitted).

### A. The Videotape

Donald contends that Murgo should have objected when the Court did not view the videotape of the robbery. Donald claims that Murgo's failure to do so prejudiced him by preventing him from raising the issue on direct appeal. [Record No. 81-1, p. 9]

The Court agrees with the magistrate judge's analysis regarding this issue. Murgo's failure to make futile objections does not constitute deficient performance. [Record No. 92, p. 10] Murgo encouraged the Court to view the video and then gave a lengthy explanation of the video's contents. Murgo argued during the sentencing hearing that the video did not depict the accomplice pounding on the counter as the tellers testified. However, as noted above, the video footage does not exculpate Donald or prove that his accomplice did not pound on the counter. It only indicates that the bank's security footage did not clearly capture all of the accomplice's actions.

According to *Strickland*, "[b]ecause advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." 466 U.S. at 681. In his Objections, Donald states, "[i]n no shape or form could not using the video have been strategic behavior." [Record No. 93, p. 5] The Court disagrees, however. The video footage does clearly show Donald entering the bank and throwing an empty sack over the counter. Instead, the video depicts Donald exiting with a full sack. The video also shows Donald's accomplice pointing his left index finger with his thumb cocked back like a gun directly at one of the tellers. Donald's counsel told the Court that the video was worth watching. However, when the Court decided this was not necessary, Murgo prudently decided that he should not push the issue.

In his Objections, Donald cites three cases in support of this claim. [Record No. 93, pp. 4-5] However, all are distinguishable from the facts of this case. *Scott v. Harris*, 550 U.S. 372 (2007), and *Austin v. Redford Twp. Police Dept.*, 690 F.3d 490 (6th Cir. 2012), involved civil rights claims under 42 U.S.C. § 1983, not claims of ineffective assistance of

counsel. Both stand for the proposition that a court may not adopt a version of events "blatantly contradicted" by videotape evidence. *Scott*, 550 U.S. at 380-81; *Austin*, 690 F.3d at 493. But as explained earlier, the video evidence in this case does not contradict the testimony accepted by the Court and supporting the guideline enhancement.

Donald emphasizes that neither he nor "his accomplice stated that they had a weapon nor did they threaten the tellers verbally . . . ." [Record No. 93, pp. 4-5] In support of his argument that he should not have received a four-level enhancement, Donald cites *United States v. Wooten*, 689 F.3d 570 (6th Cir. 2012), for support. However, this Court specifically considered *Wooten* in making its decision. [Record No. 75, p. 60][5]

It is well-settled "that a § 2255 motion may not be employed to relitigate an issue that was already raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Donald does not raise any exceptional circumstances or change in the law. Instead, he cites to case law already considered during his direct appeal. *Wooten* has no bearing on the effectiveness of Donald's counsel.

In summary, Donald has not shown that his counsel was deficient by failing to object to the court's decision not to watch the videotape. Further, Donald was also not prejudiced by the Court's decision not to watch the video.

**B.    The Allegedly False Testimony**

Donald next contends that Murgo, along with the prosecutor, deliberately presented false evidence by allowing the three tellers to testify. [Record No. 81-1, p. 13] As discussed

---

[5] The Sixth Circuit also discussed *Wooten* in its decision. [Record No. 76, p. 5]

earlier, this claim is entirely unsupported by the record. The three sequestered tellers all gave detailed and consistent descriptions of the robbery. Their testimony is supported, not contradicted, by the video. Donald has not produced any evidence that the tellers' testimony was untruthful. Thus, he has also failed to meet his burden of showing that Murgo provided deficient representation by failing to object to it.

### C. Cross-Examination

Finally, Donald argues that Murgo provided ineffective assistance by failing to adequately cross-examine and impeach the three tellers. [Record No. 81, p. 7] Specifically, he asserts that Murgo should have impeached Rice with a prior statement given to law enforcement. [Record No. 81-1, p. 14]

Donald claims that Rice's prior statement did not contain a description of the size and shape of the object in the accomplice's pocket. But Donald does not claim that Rice said anything to police that *directly* contradicted the testimony given during the sentencing hearing. Murgo's failure to introduce a prior statement merely because it contained less detail than later testimony does not constitute deficient conduct under the facts presented. Had Murgo introduced the prior statement, it is not at all "reasonably likely" that the result of the proceeding would have been different.

Donald also criticizes Murgo for not impeaching the three tellers with the videotape evidence. But as the Court has explained previously, Murgo's failure to show the videotape does not constitute deficient conduct because is simply does not depict what Donald claims.

Finally, Donald argues that Murgo should have cross-examined each of the witnesses further regarding their feelings of being threatened. He states,

> [f]or example, Ms. McGuire['s] candid demeanor said [sic] "He got a little agitated, and he picked the bag up, and threw it over toward Ms. Rice's window. That's when I went over and said, "Ladies, [we're] being robbed, I need for you all to put the money into the bag." S. Tr. ¶19. Now this is supposed to be such a violent robbery, with the threat of an alleged gun or dangerous weapon. However, Mrs. Rice's [sic] calmly and politely said to her colleague, "I need for you all to put the money into the bag." This do[es] not sound like these [l]adies [were] hysterical. . . . Once again this was supposed to be such a violent robbery, even when the bag was thrown at her, Ms. Stahl just stared and said "Are you serious?" This do[es] not sound like a woman who was scared to death. . . . There's no testimony of her being scared or threatened with a weapon.

[Record No. 81-1, p. 15]

Contrary to Donald's assertions, Murgo thoroughly cross-examined each witness regarding this issue. For example, the following exchange occurred during Mungo's examination of McGuire:

> Q. Did Mr. Donald or the other gentleman ever specifically threaten you or anyone that you heard?
>
> A. Not specifically words. [sic]
>
> Q. Like "I have a gun," did you hear him say that?
>
> A. No.
>
> Q. Did you hear either Mr. Donald or the other person say, "I've got something in my pocket. I got a weapon. I got something that's going to hurt you?" Did you ever hear him say that?
>
> A. No.

[Record No. 75, p. 23] During later examination, Murgo asked the witness, "[a]t any time during the hesitation of Ms. Rice, did you hear Mr. – the man in front of her, other than pounding, make a threat directed to her?" McGuire answered, "Not that I know of." *Id.* at 32. Murgo asked the other tellers similar questions and received similar answers.

Mungo also attempted to demonatrate that the tellers felt less fearful during the robbery than they described during direct examination. During his questioning of McGuire, Murgo observed that it sounded like she was "level-headed that day." *Id.* at 25. And during Stahl's cross-examination, Murgo questioned, "I'm just wondering why you said, 'Are you serious?' That strikes me as odd." *Id.* at 41. Stahl replied, "I was busy doing paperwork so I didn't see them come in, so they just took me totally by surprise." *Id.*

When this line of questioning did not yield the results he hoped, Murgo wisely decided not to pursue it further. The sentencing transcript establishes that Murgo probed many of the issues that Donald now raises. Presumably, Donald now wishes that Murgo would have probed even further. However, *Strickland*, 466 U.S. at 489, provides that courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

Donald has not demonstrated that Murgo's conduct fell outside an acceptable range. In *Higgins v. Renico*, 470 F.3d 624, 633 (6th Cir. 2006), the Sixth Circuit concluded that the defendant received ineffective assistance when his attorney failed to cross-examine the key witness at trial. But Murgo's conduct is not comparable. Murgo carefully cross-examined all of the government's witnesses. And as outlined by the magistrate judge, "[t]his set of facts fails to surmount the presumption that counsel exercised reasonable professional judgment." [Record No. 92, p. 12] Donald did not receive the subject weapon enhancement based on the failings of his attorney. He received the enhancement because the evidence supported the enhancement.

## V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 92] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2. Defendant Patrick Andrew Donald's Objections [Record No. 93] to the Recommended Disposition are **OVERRULED**.

3. Defendant Donald's motion and amended to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record Nos. 78, 81] are **DENIED**, and this matter is **DISMISSED WITH PREJUDICE** from the Court's docket.

4. Defendant Donald's motion for an evidentiary hearing [Record No. 81-1] is also **DENIED**.

5. The Court declines to issue a Certificate of Appealability.

6. A judgment in favor of the United States shall issue this date.

This 30th day of November, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge